CHIEE JUSTICE ROBERTSON
delivered the opinion op the court.
To an action by the appellee, a merchant of New York, against the appellant’s intestate and one Tipton for merchandise sold to them as merchant tailors in Paris, Ky., Tipton pleaded his discharge under the bankrupt law, and the appellant required proof of the account sued on, and also pleaded that, as the suit was not brought until nearly two years after the cause of action had accrued, it was barred by the statute of limitations.
*427 The action having been dismissed as against Tipton on his plea, he proved that the account was justly due for goods purchased by himself and the intestate when partners as merchant tailors; and on submission of the case to the circuit court for trial judgment was rendered against the appellant for the whole amount of the demand.
According to the presumed policy and intent of the statute, merchant tailors must be deemed merchants; and this was virtually so adjudged in 1858 by this court in the unreported case of Dorsey v. Geoghegan. And, as between merchant and merchant, the limitation in this case is five years, and not one year.
Section 2 of article 3, chapter 63, provides that five years shall be the limitation to an action “ upon an account concerning the trade of merchandise between merchant and merchant section 3 (ibid.) prescribes a limitation of one year to an action on a merchant’s account against an ordinary customer; and section 6 (ibid.) provides only that for a balance on mutual accounts between merchants, the cause of action shall commence at the date of the last proved item in the account sued on. This does not otherwise touch the question of limitation. And these three sections, perfectly harmonious, can not be consistently interpreted so as to allow a shorter limitation than five years in this case.
Wherefore the judgment of the circuit court is right, and therefore affirmed.